IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:19-cv-00057-MSD-DEM |
| ) | |
| WHITE PINES, INC. d/b/a ) | |
| L.A.'S NIGHT CLUB ) | COMPLAINT FOR DECLARATORY |
| ) | JUDGMENT |
| and ) | |
| ) | |
| BRYAN POLLI ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff, Penn-America Insurance Company ("Penn-America"), for its Complaint against Defendants, White Pines, Inc., d/b/a L.A.'s Night Club ("White Pines"), and Bryan Polli, states as follows:

### I.   NATURE OF THE ACTION

1.   This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Penn-America seeks a determination that it has no duty to defend or indemnify White Pines under a commercial general liability insurance policy issued to White Pines (the "Policy") with respect to an underlying lawsuit (the "Lawsuit") filed against White Pines in the Circuit Court of the City of Virginia Beach, Virginia.  The Lawsuit involves allegations by the Plaintiff, Mr. Bryan Polli, an employee of White Pines, now named as a defendant in this action, that he sustained personal injuries as a direct result of a battery inflicted on him at the hands of a White Pines patron.

### II.   THE PARTIES

2. Penn-America is incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business in the Commonwealth of Pennsylvania. It is an insurance company authorized to do business in, and to issue policies of insurance in, the Commonwealth of Virginia and elsewhere.

3. White Pines is incorporated under the laws of the Commonwealth of Virginia and has its principal place of business in Virginia Beach, Virginia.

4. Bryan Polli is a citizen and resident of the Commonwealth of Virginia who has brought the Lawsuit against White Pines and is asserting coverage under the Policy.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. An actual justiciable controversy between Penn-America and White Pines exists within the meaning of 28 U.S.C. § 2201 regarding whether Penn-America has a duty to defend or indemnify White Pines under the Policy with respect to claims asserted in the Lawsuit, as more particularly described below.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the suit is between citizens of different states.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the defendant resides in this judicial district.

### IV. THE UNDERLYING LAWSUIT

9. On or about March 22, 2018, the Lawsuit was filed against White Pines asserting various claims all arising out of a battery allegedly committed by a patron of White Pines against Mr. Polli on or about March 22, 2016. A copy of the Complaint is attached hereto as Exhibit "A."

10. As alleged in the Lawsuit, Mr. Polli began working for White Pines, a strip club, on or around November 2009, where White Pines "supervised and controlled his work product." Complaint ¶ 7.

11. At the time of the battery, Mr. Polli was acting as Manager of White Pines. Complaint ¶ 6.

12. At approximately 6:30 P.M. on the date of the incident, two unknown customers began harassing entertainers at the White Pines property by attempting to solicit sex from them and calling them derogatory names. Complaint ¶ 15.

13. Mr. Polli repeatedly asked the patrons to leave the premises, but they refused. Complaint ¶¶ 18-20.

14. One patron became physically aggressive and pushed a member of the staff after which Mr. Polli asked that the police be called. Complaint ¶¶ 24-25.

15. Mr. Polli and another White Pines employee subdued the patrons and removed them from the premises after which Mr. Polli and two White Pines employees remained at the front of the premises. Complaint ¶¶ 25-27.

16. After approximately three minutes, the two patrons reentered the premises and began attacking the two White Pines employees. Complaint ¶ 28.

17. Mr. Polli used a retractable baton, known as an ASP, to strike one assailant on the head. Complaint ¶ 29.

18. This assailant then chased Mr. Polli and struck him with several punches to his jaw and ribs. Complaint ¶ 30.

19. The injuries suffered by Mr. Polli are the subject of the Lawsuit.

20. The Lawsuit asserts several claims for relief against White Pines. Specifically: Negligence – Failure to Schedule Security Guards; Negligence – Failure to Prevent Assailants from Re-Entering [White Pines']; Negligence – Failure to Call Police for Assistance; Actual Fraud; Constructive Fraud; and Workers' Compensation Claim.

21. As alleged in the Lawsuit, White Pines never reported the incident to the Virginia Workers Compensation Commission. Complaint ¶ 44.

## V. THE INSURANCE CONTRACT

22. Penn-America issued the commercial general liability policy to Defendant, White Pines, with policy number PAV0059538, for the policy period June 5, 2015 to June 5, 2016. A copy of the Policy is attached hereto as Exhibit "B."

23. White Pines is listed on the Policy as the named insured.

24. The Policy provides commercial general liability limits of insurance of $1 million each occurrence; $2 million products/completed operations aggregate; $1 million personal and advertising injury; $1 million damage to premises rented; $5,000 medical expenses; and $2 million in the general aggregate.

25. The Policy includes definitions found in Section V of Form CG 00 01 04 13.

26. The commercial general liability coverage provided under the Policy is subject to several policy exclusions.

    (a) The exclusions applicable to Coverage A are found in Section I.A.2 of Form CG 00 01 04 13, and include the Expected or Intended Injury Exclusion, the Workers' Compensation and Similar Laws Exclusion, and the Employer's Liability Exclusion.

    (b) The exclusions applicable to Coverage C are found in Section I.B.2 of Form CG 00 01 04 14, and include the Any Insured Exclusion, the Hired Person Exclusion, the Injury on Normally Occupied Premises Exclusion, and the Workers' Compensation and Similar Laws Exclusion.

    (c) The Policy is also subject to Endorsement Form S2005, the Assault or Battery General Liability Exclusion.

### IV. DEMAND FOR COVERAGE

27. White Pines tendered the Lawsuit to Penn-America seeking coverage under the Policy.

28. By letter dated May 24, 2018, Penn-America declined to defend or indemnify White Pines.

### COUNT I
### DECLARATORY JUDGMENT

29. Penn-America hereby incorporates and re-alleges the allegations set forth in paragraphs 1-24 as if fully set forth herein.

30. There is a genuine and bona fide dispute and an actual controversy and disagreement between White Pines and Penn-America regarding whether Penn-America has a duty to defend and indemnify White Pines against the claims asserted in the Lawsuit.

31. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Penn-America, in good faith, requests that the Court declare the following:

  (a)  Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit because Mr. Polli does not allege, and is not seeking damages, because of "bodily injury" or "property damage" caused by an "occurrence";

  (b)  Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit because Mr. Polli does not allege, and is not seeking damages, because of a "personal and advertising injury" offense as that term is defined in the Policy;

  (c)  Penn-America has no duty to defend or indemnity White Pines in connection with the Workers' Compensation Claim, and/or for any other form of relief requested that is not a claim for damage under the Policy;

  (d)  Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit under Coverage A because they are excluded from coverage by the Policy's Expected or Intended Injury Exclusion;

  (e)  Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit under Coverage A because they are excluded from coverage by the Policy's Workers' Compensation and Similar Laws Exclusion;

  (f)  Penn-America has no duty to defend or indemnify White Pines in connection with the claim asserted in the Lawsuit under Coverage A because they are excluded from coverage by the Employer's Liability Exclusion;

  (g)  Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit under Coverage C because White Pines failed to timely report any medical expenses to Penn-America;

(h)     Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit under Coverage C because they are excluded from coverage by the Policy's Any Insured Exclusion

(i)     Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit under Coverage C because they are excluded from coverage under the Policy's Hired Person Exclusion;

(j)     Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit under Coverage C because they are excluded from coverage under the Policy's Injury on Normally Occupied Premises Exclusion;

(k)     Penn-America has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit under the Policy's Assault or Battery General Liability Exclusion; and that

(l)     Penn-America's obligation to defend or indemnify White Pines is connection with the claims asserted in the Lawsuit, if any, is limited by the Policy's other applicable insurance provisions and the Policy conditions regarding notice.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Penn-America Insurance Company prays as follows:

1.     For a declaration that it has no duty to defend or indemnify White Pines in connection with the claims asserted in the Lawsuit; and

2.     For such other and further relief this Court may deem just and proper.

DATED this 13th day of September 2019.

Respectfully submitted,

Penn-America Insurance Company

By:     /s Peter E. Schurig
Peter E. Schurig (VSB No. 76106)
Setliff Law, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Tel: (804) 377-1260
Fax: (804) 377-1280
pschurig@setlifflaw.com
*Counsel for Plaintiff*
*Penn-America Insurance Company*

Case 2:19-cv-00057-MSD-DEM Document 25 Filed 09/13/19 Page 8 of 9 PageID# 436

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of September, 2019, the foregoing was filed via the Court's Electronic Case Filing system and a copy of this document will be served on White Pines, Inc. d/b/a L.A.'s Night Club at the following address:

Richard F. Shurtz
2501 La Mirage Court
Virginia Beach, VA 23456


      I further certify that a copy of the foregoing was sent to the following counsel of record using this Court's CM/ECF notification system:

Matthew J. Weinberg
GUNTHER LAW GROUP
4646 Princess Anne Road, Suite 101
Virginia Beach, VA 23462
Telephone: (757) 671-3352
Facsimile: (757) 671-3353
matthew@guntherlaw.com
*Counsel for Bryan Polli*


        /s/ Peter E. Schurig
Peter E. Schurig, Esq. (VSB No. 76106)
SETLIFF LAW, PC
4940 Dominion Boulevard
Glen Allen, VA 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1280
Email: pschurig@setlifflaw.com